# In the United States Court of Federal Claims

No. 19-1520C

(Filed: January 29, 2021)

|  |  |
|---|---|
| **JOHNSON LASKY KINDELIN ARCHITECTS, INC., for the benefit of IMEG CORP., f/k/a KJWW ENGINEERING**,<br><br>*Plaintiff,*<br><br>v.<br><br>**THE UNITED STATES,**<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

The Court once again must decide whether it has jurisdiction – pursuant to the Tucker Act, 28 U.S.C. § 1491(a), and the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–7109 – to decide a case predicated upon a government claim contained in a contracting officer's final decision finding that two, unrelated contractors are jointly liable for the same injury and sum certain arising from alleged breaches of their respective, independent contracts. For the reasons discussed below, and based upon the Court's previous decision in *Johnson Lasky Kindelin Architects, Inc. v. United States ("JLK I")*, No. 19-1419C, -- Fed. Cl. --, 2020 WL 7649972 (Dec. 23, 2020), the Court dismisses this case for lack of jurisdiction.

### I.  Factual Background

Plaintiff Johnson Lasky Kindelin Architects, Inc. ("JLK") filed two separate complaints against Defendant, the United States of America, acting by and through the General Services Administration ("GSA"). Both cases involve the same underlying contract. This Court dismissed the first matter in *JLK I*. This decision addresses JLK's second case against the government.

In 2010, GSA retained JLK to provide professional design services as the architect-engineer supporting the relocation of existing National Labor Relations Board ("NLRB") office space. *JLK I*, 2020 WL 7649972, at *1 (Dec. 23, 2020). GSA separately

contracted with Master Design Build, LLC ("MDB") to provide the necessary construction services for the relocation of the NLRB office space. *Id*.

In *JLK I*, the claim at issue involved a supplemental air conditioning unit, which JLK designed for the NLRB space and MDB installed. *Id*. Ultimately, a condenser fluid pipe in the newly installed cooling system malfunctioned and caused extensive damage to parts of the NLRB space, as well as portions of the United States Bankruptcy Court on the sixth and seventh floors of the building in which the NLRB space was located. *Id*. at *2. GSA retained Bailey Edward, an independent architecture and engineer consulting firm, to investigate the cause of the condenser fluid piping system failure. *Id*. Following that investigation, Bailey Edward issued a report, in which the firm concluded that "that the leak resulted due to the confluence of several factors," including issues with JLK's design and MDB's installation failures. *Id*. Bailey Edward, however, "determined that it could not assign fault to JLK to the exclusion of MDB (or the government) . . . ." *Id*.

After reviewing Bailey Edward's report, the cognizant contracting officer issued a single contracting officer's final decision ("COFD") to both JLK and MDB for $1,938,866.86, claiming that both companies were jointly and severally liable to GSA for that amount. *Id*. at *3. While the COFD acknowledged that the design and construction services were provided *separately* by JLK and MDB under different contracts, the contracting officer nevertheless concluded that JLK and MDB were jointly and severally liable for the resulting damages and, accordingly, instructed them to collectively reimburse GSA. *Id*. In essence, the contracting officer issued a COFD finding two, unrelated contractors – JLK and MDB – jointly and severally liable for the same sum certain arising from independent breaches of their respective contracts with GSA. *Id*. at *1. It is this COFD upon which JLK's first claim and complaint were predicated and that this Court ultimately dismissed in *JLK I*.

The above-captioned case raises a similar issue. As part of JLK's prime contract with GSA, JLK hired a subcontractor, IMEG Corp. ("IMEG"), to provide design services for the installation of a fire alarm system. ECF No. 1 ("Compl.") ¶ 9. After GSA determined that certain conduit connections for the fire alarm system were not furnished and installed per project specifications, MDB charged GSA $48,795.54 to complete the additional work. *Id*. at ¶¶ 15, 16. On October 2, 2018, the same contracting officer who had issued the COFD in *JLK I* issued another COFD, this time finding that JLK and MDB were jointly liable for the $48,795.54 MDB charged to GSA for the conduit work.[1] *Id*. at ¶¶ 17, 18. The COFD at issue here uses identical language

---

[1] JLK, as a prime contractor, is responsible for the actions of its subcontractors. *See Todd Const., L.P. v. United States*, 656 F.3d 1306, 1316 (Fed. Cir. 2011) ("[A] contractor is responsible for the

- 2 -

as the COFD in *JLK I*, with the agency claiming a sum certain from the same parties and under the same contracts at issue in *JLK I*, once again invoking a tort theory of joint liability.[2]

## II.  Procedural History

On October 1, 2019, JLK, for the benefit of IMEG, filed suit in this Court, alleging that the COFD for $48,795.54 was unreasonable and erroneous, or in the alternative, incomplete.  Compl. at 7.  JLK also filed a notice of directly related case, informing the Court that the instant case involved the same contracts as those at issue in *JLK I*, which had been filed several weeks prior.  ECF No. 2.  On January 9, 2020, GSA filed an answer and counterclaim, requesting that the Court enter judgment in GSA's favor in the amount of $48,795.54 and dismiss JLK's claim.  ECF No. 14.  JLK filed an answer to GSA's counterclaim on January 30, 2020.  ECF No. 15.  The case was reassigned to the undersigned Judge on February 5, 2020.  ECF Nos. 16, 17.

On March 19, 2020, the parties filed a joint preliminary status report requesting that further proceedings be stayed "in light of enforcement proceedings that the General Service Administration (GSA) will bring against Master Design Build, LLC (MDB) for the exact same debt – $48,795.54 – that is at issue in this litigation."  *See* ECF

---

unexcused performance failures of its subcontractors.").  This claim, brought by JLK on behalf of IMEG, is a sponsored (or "pass-through") claim.  *See Montano Elec. Contractor v. United States*, 114 Fed. Cl. 675, 680 (2014) ("Even absent privity of contract, a subcontractor's claims may be brought against the government if the prime contractor brings the suit on behalf of the subcontractor—as a pass-through or sponsored claim."), *aff'd*, 610 F. App'x 987 (Fed. Cir. 2015); *see also* Compl. ¶ 10 ("In August of 2019 . . . JLK transferred its appellate rights against the GSA to IMEG, effectively, sponsoring any de facto claims which could be incurred by IMEG in relating to this matter.").

[2] In particular, the contracting officer determined as follows:

> JLK & MDB [a]re jointly liable because: 1) MDB/their sub did not provide the submittal initially that clarified what conduit/connection components were for the fire alarm system and what were for the remainder of the electrical systems installation; 2) JLK/their MEP sub did not clarify this further in their review of the submittals, to assure that the installation of the fire alarm system followed the specifications.

Compl. at ¶ 18.  Moreover, according to the second COFD, because "both JLK and MDB have both provided design and construction services, respectively, on numerous projects for GSA, they both were totally familiar with the all of the GSA requirements of a fire alarm system installation; simply put, this oversight on both of their parts should not have occurred in the first place."  *Id*.

No. 18 at 2. Those planned collection proceedings are based on the fact that "the final decision finding MDB liable for $48,796.54 is conclusive and binding against MDB," because MDB "failed to either appeal [the COFD] to the Civilian Board of Contract Appeals (CBCA) within 90 days of the decision or appeal the final decision to this Court within a year of that decision." *Id*. The government acknowledged that "the collection of MDB's debt by GSA would moot this litigation," and thus requested that this case be stayed while it "diligently pursue[d] the collection of that debt against MDB." *Id*.

On December 23, 2020, this Court entered an Order and Opinion in *JLK I*, dismissing that case, as noted above, for lack of subject matter jurisdiction. *JLK I*, 2020 WL 7649972, at *1 (Dec. 23, 2020). In that opinion, the Court held that the COFD at issue was invalid because it invoked joint and several liability, a tort theory of damages, to claim the same sum certain from both JLK and MDB for the alleged breach of their respective, independent contracts with GSA. *Id*. at *11 ("This Court lacks jurisdiction to decide this case because both the government's Counterclaim and the predicate COFD constitute a 'damages [claim] . . . sounding in tort.'" (quoting 28 U.S.C. § 1491(a)(1))). Additionally, the Court noted that "the government's approach . . . provides this Court – and more importantly, JLK – with no assurances, no procedural method, and no substantive rule to ensure that the government will *not* seek a double recovery via two separate judgments in two separate fora." *Id*. at *22.

In light of the similarities between the COFD at issue in *JLK I* and this case, this Court ordered the government to show cause as to why this matter should not be governed by the result in *JLK I*, and, thus, dismissed for lack of jurisdiction. ECF No. 19. On January 15, 2021, the government responded to the Court's order, conceding that, based on the Court's reasoning and subsequent holding in *JLK I*, the government was not aware of any basis on which to distinguish the instant case. ECF No. 20 at 1–2. The government acknowledged that

> [t]he COFD from which plaintiff appeals in this case – like the COFD in *JLK I* – found that JLK and MDB are jointly and severally liable for the loss at issue. Because, according to *JLK I*, joint and several liability is a tort concept, this Court would not possess jurisdiction to entertain this litigation . . . .

*Id*. at 2. Thus, the government ultimately agreed that *JLK I* requires the dismissal of this case for lack of subject matter jurisdiction. *Id*.

### III. The COFD At Issue In This Case Suffers From The Same Defects As The COFD In *JLK I* And Thus This Court Lacks Jurisdiction

Pursuant to Rule 12(h)(3) of the Court of Federal Claims ("RCFC"), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A court's "[s]ubject-matter jurisdiction may be challenged at any time by the parties, or by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citations omitted). As acknowledged by the government in its response to this Court's order to show cause, the predicate COFDs in both *JLK I* and the instant case use nearly identical language, which the Court previously held invokes a tort theory of recovery, rendering the COFD invalid and the case outside of this court's jurisdiction. ECF No. 20 at 2. The government thus further agreed that the rationale in *JLK I* requires the dismissal of this case for lack of jurisdiction.[3] *Id*. The Court concurs with the government's assessment.

We write further only to emphasize that the hypothetical situation with which we were concerned in *JLK I* has actually materialized in this case. Because MDB failed to appeal the COFD at issue here, MDB is liable to the government for the full amount of $48,795.54 at issue in this case. In essence, then, the government already has held another contractor liable for the same sum certain that it seeks to recover from JLK in this case. In *JLK I*, we expressed that precise concern – *i.e.*, that there is no mechanism to ensure that the government would not "seek a double recovery via two separate judgments in two separate fora." *JLK I*, 2020 WL 7649972, at *22 (Dec. 23, 2020). Here, the government seeks to do just that: despite the fact that it already has declared the judgment against MDB to be "conclusive and binding," the government is still pursuing the identical sum certain for the same injury, but under a different contact and from a different contractor in the matter before us. The Court in *JLK I* determined that no contract language or theory of damages permitted the government to take such an approach.

The fact that the Court has granted the government's request to stay this case pending any collection action against MDB does not cure the problem. In that regard, the government itself repeatedly has admitted that it cannot collect the same sum certain from both JLK and MDB. Specifically, in the government's request to stay this case, the government acknowledged that "the collection of MDB's debt by GSA would moot this litigation" because it seeks to recover from MDB "the *exact same debt* – $48,795.54 – that is at issue in this litigation." *See* ECF No. 18 at 2 (emphasis added). The government conceded the identical point in *JLK I*, recognizing that should JLK tender the entire amount due to GSA pursuant to the COFD at issue in that matter,

---

[3] To be clear, the government does not concede that *JLK I* was correctly decided.

MDB's pending CBCA appeal of that first COFD would be moot "because there would be nothing left for the CBCA to adjudicate." *JLK I*, 2020 WL 7649972, at *18 n.14 (Dec. 23, 2020). The government, however, has not directed the Court to any authority demonstrating that our jurisdiction to decide a contract case may turn on the collectability of a judgment against another company on another contract. Indeed, as this Court noted in *JLK I*, the possibility of that situation – which, again, apparently has materialized in this case – provides further evidence that the COFD's claim of joint liability is grounded in a tort theory of liability, and, thus, is not within this Court's CDA jurisdiction. *Id*. at *23. ("In the Court's view, the fact that neither the Court nor the CBCA can preclude the government from a double recovery at a minimum suggests that the government's approach to this matter is erroneous.").

For the above reasons, as well as those explained in *JLK I*, the COFD at issue in this case is invalid, as it improperly relies upon a tort theory of recovery, and thus this Court lacks subject-matter jurisdiction to decide this case. Accordingly, both the Plaintiff's Complaint and the government's Counterclaim are **DISMISSED**, without prejudice, pursuant to RCFC 12(h)(3).

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge
